# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVIN R. ROSS,<br><br>               Plaintiff,<br><br>v.<br><br>E. CASTRO, et al.,<br><br>               Defendants.<br>_____/ | CASE NO: 1:12-cv-01746-LJO-GBC (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO PROCEED IFP PURSUANT SECTION 1915(g) AND DISMISSING ACTION<br><br>Doc. 2 |

**I.     Procedural History**

Plaintiff Alvin Ross ("Plaintiff"), is a state prisoner proceeding pro se. On October 26, 2012, Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983, and motioned to proceed in forma pauperis ("IFP"). Doc. 1; Doc. 2.

**II.    Three Strikes**

A review of the record of actions and appeals filed by Plaintiff in the United States District Court reveals that Plaintiff filed has filed at least three actions have been dismissed as frivolous, malicious or for failing to state a claim upon which relief may be granted. Section 1915 of Title 28 of the United States Code governs proceedings in forma pauperis. Section 1915(g) provides that:

> [i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).[1] Determining whether Plaintiff's actions count as strikes under section 1915(g)

---

[1] "This subdivision is commonly known as the 'three strikes' provision. 'Strikes' are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed 'on the ground that [they were] frivolous, malicious, or fail[ ] to state a claim' are generically referred to as 'strikes.' Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed [in forma pauperis]." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005).

1 requires the Court to conduct a "careful examination of the order dismissing an action, and other relevant information," to determine if, in fact, "the action was dismissed because it was frivolous, malicious or failed to state a claim." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005).

The Court takes judicial notice of the following cases which counts as strikes: 1) *Ross v. Arnelle*, 1:98-cv-5303-REC-HGB (E.D. Cal. dismissed 11/13/1998 as frivolous); 2) *Ross v. Tilton*, 1:08-cv-00060-DLB (E.D. Cal. dismissed 5/8/2009 for failure to state a claim); and 3) *Ross v. Schwarzenegger*, 1:08-cv-00241-RCC (E.D. Cal.) (dismissed 12/1/2009 for failure to state a claim).[2]

Plaintiff has three or more strikes which occurred before Plaintiff filed this action on October 26, 2012. Therefore, the Court finds that Plaintiff should be precluded from proceeding in forma pauperis and dismissal of Plaintiff's action is appropriate. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (finding that denial of in forma pauperis status under § 1915(g) mandated dismissal since a prisoner must pay the filing fee at the time of initiating the suit).

### III.   Conclusion and Order

The Court has reviewed Plaintiff's complaint and finds that Plaintiff does not meet the imminent danger exception. *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007). Because Plaintiff alleges no facts supporting a finding that he is under imminent danger of serious physical injury, Plaintiff is ineligible to proceed in forma pauperis in this action.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion for leave to proceed in forma pauperis in this action is denied; and
2. This action is dismissed, without prejudice, for refiling with the submission of the $350.00 filing fee in full. IT IS SO ORDERED.

**Dated:    November 6, 2012**                    **/s/ Lawrence J. O'Neill**
                                                   **UNITED STATES DISTRICT JUDGE**

---

[2] The Court also takes judicial notice of a previous case where the court found that Plaintiff had three strikes: *Ross v. Adams, et al.*, 1:10-cv-02075-AWI-GBC at Doc. 7 (denying motion to proceed IFP); at Doc. 12 (order adopting findings and recommendations to deny motion for reconsideration).